**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | No. 22-2983 |
| v. | ) | |
| | ) | |
| KHALED MIAH, | ) | |
| | ) | |
| Appellant. | ) | |

**MOTION TO DESIGNATE
<u>PANEL OPINION AS PRECEDENTIAL</u>**

Appellee, United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Laura Schleich Irwin, Assistant United States Attorney for the District, move this Court to designate as precedential the opinion issued on September 20, 2024, in the above-captioned case, *United States v. Miah*, No. 22-2983, 2024 WL 4249493 (3d Cir. Sept. 20, 2024), and in support of this motion state as follows:

1.      On September 20, 2024, this Court issued an unpublished opinion affirming Appellant Miah's conviction for five counts of violating 18 U.S.C. § 875(c), one count of violating 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4), and one count of violating 18 U.S.C. § 1519, and upholding his resulting sentence of 72 months of imprisonment, to be followed by three years of supervision.

2.      The decision addresses at least three issues that contain both institutional and precedential value. *Compare* Third Circuit IOP 5.2. ("An opinion, whether signed or per curiam, is designated as precedential and printed as a slip opinion when it has precedential or institutional value."), *with* IOP 5.3 ("An opinion, whether signed or per curiam, that appears to have value only to the trial court or the parties is designated as not precedential . . . .").

3.      The first is the issue of the sufficiency of the indictment to allege a threat under § 875(c). Currently, there is limited precedential authority on point, *see Miah*, 2024 WL 424493, at *2-4 (citing only *United States v. C.S.*, 968 F.3d 237, 245 (3d Cir. 2020) (addressing fact-specific sufficiency argument), and *United States v. Davitashvili*, 97 F.4th 104, 109 (3d Cir. 2024) (on plain error review)). Publication of the opinion will help to direct not only this Court, but district courts within the Third Circuit that may face the question of the sufficiency of an indictment alleging violations of § 875(c). *See United States v. Turley*, 891 F.2d 57, 60 (3d Cir. 1989) (explaining that only published opinions are considered precedential).

4.      The second issue of significance involves the Court's application of U.S.S.G. § 2A6.1, which imposes a six-level increase when a defendant is convicted of issuing threats and "the offense involved any conduct evidencing an

intent to carry out such a threat." The opinion confirms the propriety of applying the enhancement with reliance on the specific facts as found and the direct connection of that conduct to the threatening communications for which the defendant was convicted. *Id.* at *8. As evidenced by the Court's unpublished opinion, courts within the Circuit are without precedential authority to guide them in resolving application of this Guideline. *Id.*

5.    The third issue of significance is the Court's application of the grouping rules of U.S.S.C. § 3C1.1 to group Miah's obstruction conviction under § 1519 with his underlying convictions under § 875(c). Again, as evidenced by the Court's unpublished decision, district courts within the Third Circuit are without precedential authority on this point. *See id.* at *8 (citing *United States v. Bush*, 56 F.3d 536, 538 (3d Cir. 1995) (in firearms case, reviewing decision to divide offenses into three groups), and *United Stats v. Leung*, 360 F.3d 62, 68 (2d Cir. 2004)).

6.    Accordingly, Appellee, United States of America, respectfully submits that the Court's decision in this case represents a meaningful contribution to the common law that will be valuable to courts of appeals, district courts, U.S. Attorney's Offices, and the defense bar, and therefore that the decision should be designated as precedential. *See, e.g.*, *United States v. Shah*, 43 F.4th 356 (3d

Cir. 2022) (Shwartz, J., granting Appellee's motion to publish); *United States v. Jones*, 566 F.3d 353, 356 (3d Cir. 2009) (Ambro, J.) (granting Appellee's motion to publish); *United States v. Brito*, 979 F.3d 185 (3d Cir. 2020) (Bibas, J.) (republishing panel opinion in full as precedential upon defense motion); *United States v. Turlington*, 696 F.3d 425 (3d Cir. 2012) (Rendell, J.) (republishing panel opinion in full as precedential upon government motion); *United States v. Greene*, 212 F.3d 758, 759 (3d Cir. 2000) (Nygaard, J.) (republishing part of memorandum opinion as precedential upon government motion).

WHEREFORE, for these reasons, Appellee, the United States of America, respectfully requests that the Court designate as precedential its opinion in this matter.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

/s/Laura Schleich Irwin
LAURA SCHLEICH IRWIN
Assistant United States Attorney
Laura.Irwin@usdoj.gov

/s/Jeffrey M. Smith
JEFFREY M. SMITH
United States Department of Justice
National Security Division
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 532-0220
Jeffrey.Smith5@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within Motion was served by ECF to and upon the following:

Allie J. Hallmark, Esq.
Hamilton Wingo
325 N St. Paul Street Suite 3600
Dallas, TX 75201
432-288-0935
ahallmark@hamiltonwingo.com

Sufia M. Khalid, Esq.
Muslim Legal Fund of America
100 N Central Expressway Suite 1010
Richardson, TX 75080
972-914-2507
skhalid@clcma.org

Catherine McDonald, Esq.
Muslim Legal Fund of America
100 N Central Expressway Suite 1010
Richardson, TX 75080
972-914-2507
cmcdonald@clcma.org

Charles D. Swift, Esq.
Muslim Legal Fund of America
100 N Central Expressway Suite 1010
Richardson, TX 75080
972-914-2507
cswift@clcma.org

/s/Laura S. Irwin
LAURA S. IRWIN
Assistant United States Attorney

DATED:   September 25, 2024