## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 22-2983 |
| | ) | |
| KHALED MIAH, | ) | |
| | ) | |
| Appellant. | ) | |

### NOTICE OF INABILITY TO RESPOND TO GOVERNMENT'S MOTION AND REQUEST TO APPOINT SEPARATE COUNSEL FOR LIMITED QUESTION, AND MOTION TO EXTEND TIME TO SEEK EN BANC REVIEW OR REHEARING IN THE EVENT COURT GRANTS GOVERNMENT'S MOTION

Counsel for Appellant Khaled Miah submit this notice of their inability to represent Appellant regarding the government's Motion to Designate Panel Opinion as Precedential (Dkt. 65) in the above captioned case, *United States v. Miah*, No. 22-2983, 2024 WL 4249493 (3d Cir. Sept. 20, 2024). Appellant further requests that if the Court grants the Motion and designates its opinion as precedential, Appellant be granted additional time to seek en banc review or rehearing.

1. **Appellant's counsel are unable to respond to the government's Motion to Designate Panel Opinion as Precedential due to a conflict and request Appellant be appointed separate counsel if necessary.**

Although Appellant's counsel respectfully disagrees with the Court's opinion, they are not able to take a position on the Motion because of a concurrent conflict of interest.

Appellant's counsel are employed by the Muslim Legal Fund of America (MLFA), previously the Constitutional Law Center for Muslims in America (CLCMA) during Mr. Miah's representation. CLCMA represented Appellant in this case as a public interest non-profit law firm whose mission is to pursue equal rights and protection for all in national security cases.

1

Pennsylvania Rule of Professional Conduct 1.7(a), which tracks the Model Rules of Professional Conduct, prohibits a lawyers from representing "a client if the representation involves a concurrent conflict of interest." A concurrent conflict of interest exists if:

> there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

PA. RULES OF PROF. CONDUCT r. 1.7(a)(2).

Here, Appellant's interests are likely best served by designating the opinion as precedential because it would significantly increase the likelihood that he obtains additional review, either en banc or at the Supreme Court of the United States, based on the areas of value identified by the government. By contrast, MLFA does not believe the opinion should set precedent in the Third Circuit, nor does a published opinion advance MLFA's broader non-profit mission and cases. Thus, the Motion creates a concurrent conflict of interest between Appellant and his counsel.

If this Court believes it required for Appellant to have representation for the limited purpose of responding to the Motion, counsel moves for appointment of such separate counsel.

**2. If the Court grants the Motion and designates the opinion as precedential, Appellant requests an extension of time to move for rehearing.**

There is at least one area on which counsel for Appellant would request rehearing if the decision was designated as precedential. The opinion affirmed the district court's ruling that the general threats in Mr. Miah's tweet, "the zero hour is approaching," and the tweet of the coordinates of the FBI Headquarters in Washington D.C. could constitute threats "to injure agents at that location." Appellant respectfully submits that the holding that these two tweets (Counts 2 and 3) constitute general terroristic threats against FBI agents in Washington D.C. at Headquarters, not the investigating agents at the FBI Office in Pittsburgh, is entirely at odds with its simultaneous affirmation of the district court's Rule 404(b) and 403 evidentiary rulings.

That is, in admitting the contested 404(b)/403 evidence, the district court relied on the investigating FBI agents in Pittsburgh having viewed Mr. Miah's device contents to admit the evidence as evidence of Mr. Miah's intent, background, knowledge, and the agents' objective fear (Dkt. 26 at 34). But there was never any argument or evidence that unidentified agents at the FBI Headquarters in D.C. knew about Mr. Miah or viewed anything from his devices; thus, none of the contested 404(b)/403 evidence could be admissible under that reasoning for those two counts. This variation between the district court's reasoning for admitting the evidence and this Court's opinion that Counts 2 and 3 were general threats against the FBI agents in D.C.—not the investigating agents in Pittsburgh—creates a contradiction within the opinion. Accordingly, if the opinion is designated as precedential, counsel will seek rehearing on at least this issue.

WHEREFORE, for these reasons, Appellant's counsel submits that it can take no position on the Motion and moves on Appellant's behalf for appointment of separate counsel if the Court deems it necessary for this limited question. Further, in the event this Court grants the Motion and designates the opinion as precedential, Appellant requests 14 additional days after the Court's decision to seek rehearing or en banc review.

Respectfully submitted,

/s/ Charles D. Swift
CHARLES D. SWIFT
Head of Criminal Defense Dept.
cswift@clcma.org

/s/ Sufia M. Khalid
SUFIA M. KHALID
Senior Staff Attorney

Muslim Legal Fund of America
100 N. Central Expy.
Suite 1010
Richardson, TX 75080
skhalid@clcma.org

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Notice of Inability to Respond to Government's Motion and Request to Appoint Separate Counsel for Limited Question, and Motion to Extend Time to Seek En Banc Review or Rehearing in the Event Court Grants Government's Motion was served by ECF to and upon the following:

Laura S. Irwin, Esq.

Office of the United States Attorney

700 Grant Street Suite 4000

Pittsburgh, PA 15219

412-894-7374

Laura.Irwin@usdoj.gov

Jeffrey M. Smith, Esq.

United States Department of Justice National Security Division

950 Pennsylvania Avenue NW

Washington, DC 20530

202-532-0220

Jeffrey.Smith5@usdoj.gov

/s/ Charles D. Swift
CHARLES D. SWIFT
Head of Criminal Defense Dept.

DATED: October 3, 2024